Lonnie W. BUTLER, Jr., Appellant,

v.

CONTINENTAL AIRLINES, INC., Appellee.

No. 14–02–00448–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 12, 2003.

Rehearing Overruled Oct. 23, 2003.

Edward M. Carstarphen, David Blackshear Mantor and Samuel Issacharoff, for Lonnie W. Butler.

J. Clark Martin, for Continental Airlines, Inc.

Panel consists of Chief Justice BRISTER and Justices EDELMAN and SEYMORE.

## MAJORITY OPINION

RICHARD H. EDELMAN, Justice.

Lonnie W. Butler, Jr., appeals the dismissal, for lack of subject matter jurisdiction, of his claims against Continental Airlines, Inc. ("Continental"). We affirm.

In a prior lawsuit (*"Butler I"*), Butler sued Continental for copying and using in its computer reservation system macros he created without compensating him. The First Court of Appeals ultimately affirmed the summary judgment in that case on Butler's fraud claim and dismissed his remaining claims (for conversion, breach of fiduciary duty, breach of contract, unjust enrichment, constructive trust, misappropriation of trade secrets, estoppel/quasi-estoppel, and quantum meruit) for lack of subject matter jurisdiction because they were either preempted by, or arose under, the Federal Copyright Act (the "Act").[1] *See Butler v. Continental Airlines, Inc.,* 31 S.W.3d 642, 654 (Tex.App.-Houston [1st Dist.] 2000, pet. denied).

Butler then filed suit in federal District Court (*Butler II*) for Continental's unauthorized use of the macros. The federal court dismissed Butler's claims for lack of subject matter jurisdiction, holding that some of the claims had been preempted and abolished by the Act and that those remaining did not "arise under" the Act. *See Butler v. Continental Airlines, Inc.,* No. Civ.A. 01–2194, 2001 WL 1509545, at *3, 5 (S.D.Tex.2001). Butler did not appeal this decision but instead filed the present state court action, again asserting the claims that the federal court had held did not arise under the Act. Continental filed a motion to dismiss on the ground that the trial court lacked jurisdiction over those claims in accordance with the decision in *Butler I.* The trial court granted this motion and dismissed the lawsuit with prejudice.

Butler's sole issue on appeal contends that the trial court erred in dismissing this case on the grounds that: (1) the dismissal in *Butler I* has no res judicata effect because it was not a determination on the merits; and (2) for him to be deprived, through no fault of his own, of any hearing of the merits of his claims[2] violates his due process rights under the United States and Texas Constitutions and the Open Courts Provision[3] of the Texas Constitution, particularly where a federal court, as final arbiter of federal subject matter jurisdiction, determined, contrary to *Butler I,* that the state courts do have jurisdiction over his claims.

Although a dismissal for lack of subject matter jurisdiction does not preclude a party from litigating the merits of the same cause of action in a court of competent jurisdiction, it is res judicata as to the issue of whether the first court had jurisdiction.[4] Butler has cited no authority

---

1. *See* 17 U.S.C.A. §§ 101–1332 (West 1996 & Supp.2003).

2. *See, e.g., Cunningham v. Parkdale Bank,* 660 S.W.2d 810, 813 (Tex.1983) (noting that fundamental fairness dictates that a party be given a reasonable opportunity to be heard on the merits of his case). Butler does not contend that any of the claims he asserts in this case were not also asserted in *Butler I.*

3. Because Butler has not cited and we have not found any portion of the trial court record

at which he raised an open courts challenge in the trial court, and because he has also failed to support that contention on appeal with any authority or analysis, that challenge presents nothing for our review and is overruled.

4. *See, e.g., Magnus Elecs., Inc. v. La Republica Argentina,* 830 F.2d 1396, 1400 (7th Cir. 1987); *Daigle v. Opelousas Health Care, Inc.,* 774 F.2d 1344, 1348 (5th Cir.1985); *cf.* RESTATEMENT (SECOND) OF JUDGMENTS § 20 cmt. b, illus. 1 (1982) (noting that dismissal for im-

holding that the due process doctrine overrides the application of res judicata.[5] Therefore, he has provided us no basis to conclude that the trial court erred in dismissing this case. Accordingly, Butler's sole issue is overruled, and the judgment of the trial court is affirmed.

BRISTER, C.J., dissenting.

SCOTT BRISTER, Chief Justice, dissenting.

Lonnie Butler had a single claim: that his employer took several macros he developed. For reasons perhaps known only to his lawyers, he filed the claim in the form of a dozen different causes of action. All have been tossed out—first by the First Court of Appeals,[1] and later by a federal court in Houston.[2]

Both courts held that half a dozen of Butler's causes of action were preempted by the federal Copyright Act. But both also held that half a dozen others were not,[3] thus affirming Butler's right to bring them as separate actions.

But where? The First Court held they could be brought only in federal court.[4] On exactly the same issue, the federal court held they could not.[5] One of these courts must be wrong. This is not merely a difference of opinion—though acknowledging Butler can assert non-copyright claims, every court where he has tried to do so has shut its doors.

Federal courts have exclusive jurisdiction to try cases arising under the Copyright Act.[6] But Butler has never alleged a copyright claim; instead, Continental has argued *as a defense* to his claims that the Copyright Act precludes them. The First Court of Appeals held this was enough, pointing to an opinion by the federal Second Circuit that a claim arises under the Copyright Act if "it asserts a claim requiring construction of the Act."[7] The federal court in Houston disagreed, pointing to a subsequent Second Circuit opinion clarifying that this test looks only to what the plaintiff's complaint alleges, not what defense might be proffered.[8]

---

proper venue does not bar an action on the claim in another district, but it is preclusive as to the determination that venue was improper in the initial action). The principles of res judicata apply even if the first judgment was erroneous, in which case the unsuccessful party's remedy was to have it set aside in the original proceeding. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 17 cmt. d (1982). Because they were not asserted in Butler's brief, we do not address the application of any exceptions to the doctrine of res judicata, such as based on changed circumstances or under sections 15 or 28(2) of the Restatement (Second) of Judgments, or the extent to which the federal court decision in *Butler II* became the "law of the case."

5. Nor could we necessarily determine from the record before us the extent to which any contradiction in the outcomes of the First Court and federal District Court decisions were the result of contradictory rulings, the manner of presentation to the respective courts, or some combination of the two.

1. *See Butler v. Cont'l Airlines, Inc.*, 31 S.W.3d 642 (Tex.App.-Houston [1st Dist.] 2000, pet. denied) (*"Butler I"*).

2. *See Butler v. Cont'l Airlines, Inc.*, No. Civ.A. 01–2194, 2001 WL 1509545 (S.D.Tex.2001) (*"Butler II"*).

3. Namely, breach of contract, breach of fiduciary duty, quantum meruit, estoppel, quasi-estoppel, and constructive trust.

4. *Butler I*, 31 S.W.3d at 652.

5. *Butler II*, 2001 WL 1509545 at *5.

6. *See* 28 U.S.C. § 1338(a).

7. *Butler I*, 31 S.W.3d at 652 (citing *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir.1964)).

8. *Butler II*, 2001 WL 1509545 at *5 (citing *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 353 (2d Cir.2000)).

The issue before us is not which court was right, but whether Butler can be shut out of a forum by the conflicting denials. I agree with the Court that a dismissal for lack of subject-matter jurisdiction normally should preclude litigation of that jurisdictional question again; if the rule were otherwise, the same claim could be filed repeatedly and never decided finally.

But the Restatement recognizes a limitation to the application of res judicata when inconsistent final judgments are rendered:

> When in two actions inconsistent final judgments are rendered, it is the later, not the earlier, judgment that is accorded conclusive effect in a third action under the rules of res judicata.[9]

As the Restatement explains, the policy considerations supporting res judicata are not strong when the party claiming it has taken an inconsistent position in intervening litigation.[10]

That is exactly what Continental did here. After urging the First Court to hold the federal courts had exclusive jurisdiction of Butler's claims, Continental urged exactly the opposite when he filed them there. In accordance with the Restatement, I would hold that preclusive effect should be given only to the later ruling— the federal court's decision that Butler's claims belonged in state court. Because the Court holds otherwise, I respectfully dissent.

---

**9.** RESTATEMENT (SECOND) OF JUDGMENTS § 15 (1982).

