# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2014

Lyle W. Cayce
Clerk

No. 13-20449

MBOHO  MKPARAWA  IBIBIO  USA,  INCORPORATED,  Individually;
MAURICE  E.  EKWO,  Individually;  MAURICE  E.  EKWO,  as  High
Commissioner and Agent of Mboho Mkparawa Ibibio/Mboho Mkparawa Ibibio
USA, Incorporated; GODWIN EKPENE, (Deceased), Individually; GODWIN
EKPENE, as Director, Co-Incorporator and Deputy High Commissioner of
Mboho Mkparawa Ibibio/Mboho Mkparawa Ibibio USA, Incorporated; MBOHO
MKPARAWA IBIBIO; ESSIEN ISONG, Individually; ESSIEN ISONG, as
Director of MBOHO Mkparawa Ibibio USA, Incorporated,

Plaintiffs - Appellants

v.

SYLVANUS  OKON;  JOSEPH  D.  IBOKETTE;  DR.  MACARTIN  MAC
UKPONG; EFFIONG EYO MBABA; EMMANUEL ISONG; IBOK ESEMA,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-2363

Before  JOLLY and JONES, Circuit Judges, and GODBEY, District Judge.[*]

PER CURIAM: [**]

---

[*] District Judge of the Northern District of Texas, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 13-20449

The Court has considered this appeal from the district court's *sua sponte* dismissal of this case, and related rulings, in light of the briefs and pertinent portions of the record. The parties are familiar with the claims in dispute, which arise from changes in the control of Mboho, USA, an entity related to Mboho Nigeria. The district court dismissed Appellants' case on the basis of res judicata and Appellants' lack of standing to sue. We reverse and remand.

The court's res judicata rationale is incorrect because the Texas state court suit was dismissed for lack of jurisdiction. In Texas, however, a "dismissal for lack of subject matter jurisdiction does not preclude a party from litigating the merits of the same cause of action in a court of competent jurisdiction[.]" *Butler v. Cont'l Airlines, Inc.*, 116 S.W.3d 286, 287 (Tex. App. 2003). Federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 896 (1984). Consequently, the later federal suit was not barred by the state court's jurisdictional dismissal order.

The court's lack of standing and lack of authority rulings do not account for the evidence in the record. Mboho Nigeria, a foreign entity, is not foreclosed from suing defendants in the United States in federal court simply because it is not registered to do business here. Further, Appellant Ekwo is listed in Mboho Nigeria's corporate profile as Secretary of Mboho, USA, ROA.3006, was appointed as Mboho, Nigeria's High Commissioner to USA/Canada, ROA.3440, and received a letter authorizing him to institute legal action on behalf of Mboho, Nigeria, ROA.3619. Appellees have not challenged any of these facts, nor have they challenged that Appellants Ekwo and Isong (Appellant Ekpene is apparently deceased) have authority to represent Mboho USA. The district court thus erred in rejecting Appellants' standing and authority to sue.

2

No. 13-20449

The district court did not abuse its discretion, however, in denying Appellants' abusively excessive, repetitious, and burdensome discovery requests.

It is not clear whether the district court also found dismissal appropriate based on its statement that Appellants' marks and logos were not registered with the U.S. Patent and Trademark Office. Lack of registration does not, however, necessarily bar such claims, where a work was first published in a country, like Nigeria, that adheres to the Berne Convention. *See* 15 U.S.C. § 1126 (2012); *Pepe (U.K.) Ltd. v. Ocean View Factory Outlet Corp.*, 770 F. Supp. 754, 761 (D.P.R. 1991). Moreover, the district court failed to provide Appellants with any opportunity to respond before voicing this concern. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)("district courts should not dismiss claims *sua sponte* without prior notice and opportunity to respond").

Finally, because we must reverse and remand, there is no ground for issuing sanctions against Appellants for a frivolous appeal, and Appellees' motion is **DENIED**.

The judgment of the district court is **REVERSED** and **REMANDED** for further proceedings consistent herewith.