ACCEPTED
03-15-00370-CV
7544929
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/26/2015 4:18:39 PM
JEFFREY D. KYLE
CLERK

## No. 03-15-00370-CV

In the Third Court of Appeals
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/26/2015 4:18:39 PM
JEFFREY D. KYLE
Clerk

REAGAN NATIONAL ADVERTISING OF AUSTIN, INC., Plaintiff - Appellant

v.

THE CITY OF AUSTIN AND MARC A. OTT, IN HIS OFFICIAL CAPACITY, Defendants - Appellees

On Appeal from Cause No. D-1-GN-12-001211
200th Judicial District Court of Travis County, Texas

## BRIEF OF APPELLEES

Anne L. Morgan, Interim City Attorney
Meghan L. Riley, Chief, Litigation
Patricia L. Link, Assistant City Attorney
State Bar No. 24041343
H. Gray Laird, Assistant City Attorney
State Bar No. 24087054
City of Austin-Law Department
P. O. Box 1546, Austin, Texas 78767-1546
Telephone:  (512) 974-2173
Facsimile:   (512) 974-1311
patricia.link@austintexas.gov
gray.laird@austintexas.gov
**COUNSEL FOR DEFENDANT – APPELLEE**

## ORAL ARGUMENT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

**Plaintiff - Appellant**
Reagan National Advertising of Austin, Inc.

**Defendants - Appellees**
The City of Austin and Marc A. Ott, in his official capacity

**Counsel for Defendants – Appellees**
Patricia L. Link, Assistant City Attorney
State Bar No. 24041343
H. Gray Laird, Assistant City Attorney
State Bar No. 24087054
City of Austin-Law Department
P. O. Box 1546
Austin, Texas 78767-1546
Telephone:  (512) 974-2173
Facsimile:   (512) 974-1311
patricia.link@austintexas.gov
gray.laird@austintexas.gov

**Counsel for Plaintiff - Appellant**
B. Russell Horton
State Bar No. 10014450
George Brothers Kincaid & Horton, L.L.P.
114 West 7th Street, Suite 1100
Austin, TX 78701
Telephone:  (512) 495-1400
Facsimile:   (512) 499-0094
rhorton@gbkh.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................ ii

TABLE OF CONTENTS ................................................................... iii, iv

INDEX OF AUTHORITIES ................................................................ v, vi

STATEMENT OF THE CASE ....................................................................1

ORAL ARGUMENT IS NOT REQUESTED ...........................................1

ISSUES PRESENTED ...........................................................................1

STATEMENT OF FACTS ......................................................................2

      1.     Billboard Regulation .............................................................2
      2.     Cost of Service Study ............................................................3
      3.     Federal Lawsuit .....................................................................5

SUMMARY OF THE ARGUMENT ........................................................5

ARGUMENT ..........................................................................................6

    I.     Standard of Review .................................................................6

    II.    Reply to Issue No. 1: The trial court was correct to conclude that *res judicata* did not apply and to enter in findings and conclusions of law that are consistent with the standards set forth in Texas law .........7

    III.   Reply to Issue No. 2: The trial court was correct to conclude that the billboard registration fee is a fee, not a tax and there is ample evidence in the record to support the trial court's Findings of Fact and Conclusions of Law. ...................................................................10

        A.    Municipal Fees. ............................................................10

        B.    The record supports Findings of Fact Nos. 45-52. ...................12

    IV.   Reply to Issue No. 3: The trial court was correct to conclude that Reagan's claims for fees paid in 2009 and 2010 were time-barred ....14

V.      Reply to Issue No. 4: The trial court was correct to deny damages of ten dollars per billboard and to deny an award of attorney's fees ......16

      A.      Damages. ................................................................................16

      B.      Attorney's Fees .....................................................................16

CONCLUSION AND PRAYER .........................................................................17

CERTIFICATE OF SERVICE ...........................................................................20

CERTIFICATE OF COMPLIANCE ...................................................................21

# INDEX OF AUTHORITIES

**Cases**

*Barrett v. City of Plainview*,
   848 S.W.2d 334 (Tex. Civ. App. – Amarillo, no writ)........................................11

*Black v. City of Killeen*,
   78 S.W.3d 686 (Tex.App.—Austin 2002, pet.denied) .............................................6

*Butler v. Continental Airlines*,
   116 S.W.3d 286 (Tex.App.—Houston [14th Dist] 2003, pet denied)..............9, 10

*City of Brookside Village v. Comeau*,
   633 S.W.2d 790 (Tex. 1982)........................................................... 11, 14

*City of College Station v. Turtle Rock Corp.*,
   680 S.W.2d 802 (Tex. 1984)................................................................11

*City of Dallas v. Lowenberg*,
   168 S.W.3d 800, 801-802 (Tex. 2005) .................................................14

*City of Ft. Worth v. Gulf Refining Co.*,
   83 S.W.2d 610 (Tex. 1935)................................................ 9, 11, 12, 16

*City of Houston v. Harris County Outdoor Advertising Association*,
   879 S.W2d 322 (Tex.App.—Houston [14th Dist.] 1994, writ denied) 9, 10, 11, 12

*Dalisa, Inc. v. Bradford*,
   81 S.W.3d 876 n. 2, (Tex.App.—Austin, 2002, no pet.)......................................17

*Home Builders Association of Mississippi, Inc. v. City of Madison*,
   143 F.3d 1006 (5th Cir. 1998) ...........................................................9

*In re Estate of Bean,*
   206 S.W.3d 749 (Tex.App.—Texarkana, 2006, pet. denied) ...............................17

*Montgomery v. Blue Cross and Blue Shield of Texas, Inc.*,
   923 S.W.2d 147 (Tex.App.—Austin 1996, writ denied)......................................7

*Oscar Renda Contracting, Inc. v. H & S Supply Co., Inc.*,
   195 S.W.3d 772 (Tex.App.—Waco 2006, pet. denied)......................................15

*Pipes v. Hemingway*,
   358 S.W.3d 438 (Tex.App.—Dallas 2013, no pet.) ...............................................7

*Rodriguez v. Womack*,
   2012 WL 19659, *3 (Tex.App.—Houston [14th Dist], no pet.) ...........................8

*Ruiz v. Austin Independent School District*,
   2004 WL 1171666 (Tex.App.—Austin 2004, no pet.)................................. 15, 16

*San Juan Cellular Telephone Co. v. Public Service Commission*,
   967 F.2d 683 (1st Cir. 1992)..................................................................................8

*Smith v. City of Blanco*,
   2013 WL 491022 (Tex.App.—Austin 2013, no pet. history)...............................7

*Texas Boll Weevil Eradication Foundation, Inc. v. Lewellen*,
   952 S.W.2d 454, 461 (Tex. 1997).......................................................................11

## Other Authorities

City of Austin Ordinance No. 20080605-076......................................................2, 3

City of Austin Ordinance No. 20120405-07........................................................3, 4

## Rules

FED. R. CIV. P.  60(c)(2).......................................................................................15

FED. R. CIV. P. 41 ...................................................................................................8

FED. R. CIV. P. 54 and 58 .....................................................................................15

## Statutes

28 U.S.C. § 1341 .....................................................................................................8

TEX. CIV. PRAC. & REM. CODE §16.064................................................................14

TEX. CIV. PRAC. & REM. CODE §37.009................................................................16

In the Third Court of Appeals
Austin, Texas

REAGAN NATIONAL ADVERTISING OF AUSTIN, INC., Plaintiff - Appellant

v.

THE CITY OF AUSTIN AND MARC A. OTT, IN HIS OFFICIAL CAPACITY,
Defendants - Appellees

Appeal from Cause No. D-1-GN-12-001211
200th Judicial District Court of Travis County, Texas

**BRIEF OF APPELLEES**

TO THE COURT OF APPEALS FOR THE THIRD DISTRICT:

**STATEMENT OF THE CASE**

Appellee agrees with appellant's statement of the procedural history of the case.

**STATEMENT REGARDING ORAL ARGUMENT**

The Court should grant oral argument because it would significantly aid the Court in deciding the case.

**ISSUES PRESENTED**

Reply to Issue No. 1: The trial court was correct to conclude that *res*

*judicata* did not apply and to enter in findings and conclusions of law that are consistent with the standards set forth in Texas law.

Reply to Issue No. 2: The trial court was correct to conclude that the billboard registration fee is a fee, not a tax and there is ample evidence in the record to support the trial court's Findings of Fact and Conclusions of Law.

Reply to Issue No. 3: The trial court was correct to conclude that Reagan's claims for fees paid in 2009 and 2010 were time-barred.

Reply to Issue No. 4: The trial court was correct to deny damages of ten dollars per billboard and to deny an award of attorney's fees.

## STATEMENT OF FACTS

**1.     Billboard Regulation.**

The City of Austin, Texas, is a home-rule municipality located in Travis, Hays, and Williamson Counties. CR 561, SF #3. The City of Austin regulates off-premise signs in Chapter 25-10 of the Austin City Code. CR 561, SF #7. Off-premise signs are only allowed if they qualify as a legal non-conforming use. CR 561, SF #8.

Billboards are off-premise signs. CR 561, SF #9. A billboard owner is required, on an annual basis, to register each billboard it owns. PE 2, City of Austin Ordinance No. 20080605-076, Part 5.  As part of registering a billboard, the billboard owner must pay an annual fee, set by separate ordinance, for each

billboard ("Registration Fee"). PE 2, City of Austin Ordinance No. 20080605-076, Part 5. The Registration Fee was set at $200 per billboard per year during the annual budget process for fiscal year 2008-2009. CR 562, SF #15. It remained the same until April, 2012, when the City Council amended the Registration Fee to $190 per billboard per year. DE 2, City of Austin Ordinance No. 20120405-07, Part 2.

The Austin Code Department[1] is responsible for the billboard registration program. CR 562, SF #20. The activities covered in the program include reviewing billboard records and details, conducting on-site inspections, conducting post-inspection verifications, and entering data. RR2 76 ll. 7-25; RR2 77 ll. 1-8, RR2 78, 5-25; RR2 79-86; RR2 87 ll. 1-12; DE 4; DE 10, pg. 9 of the Study. The program also includes collecting the Registration Fee and providing legal advice. RR2 159, ll. 22-24; RR2 91, ll. 8-14; RR2 158, l. 25; RR2 159, ll. 1-7.

## 2. Cost of Service Study.

In January of 2011 a "cost of service" study concerning the billboard registration fee was conducted by Nickie Whitaker with the PFM Group (the "Study") on behalf of the City. DE 10. The purpose of the Study was to calculate the costs for the City's billboard registration program. RR2 146 ll. 19-21; RR2

---

[1] This City department has been known by many names. References in the Clerk's and Reporter's Record may include Code Enforcement Division of Solid Waste Services, Code Enforcement Department, Code Compliance Department, and Austin Code Department (its current name). These are the same department.

155, l. 22. More specifically, the Study looked at the City's costs for labor, supplies, department leadership, and core administrative functions as those costs concern the billboard registration program. RR2 148 ll. 10-11; RR2 149, ll. 1-13; RR2 153, ll. 5-16; DE 10, pp. 6-7 of the Study. Ms. Whitaker found that the City's cost to administer the billboard registration program to be $193.46 per sign per year. DE 10, pg. 11 of the Study; RR2 156, ll. 14-21. When the City Council amended the Registration Fee in 2012, it relied upon the Study. DE 2, Ordinance No. 20120405-07, Part 1, Finding (E).

In conducting the Study, Ms. Whitaker relied on the information provided by City staff, the City's budget, and cost allocation plan. DE 10, pp. 6-7 of the Study. She used the "manager's best estimate" methodology, which includes interviews and verification. RR2 150, ll. 3-25; RR2 151, ll. 1-4, 10-18. As part of this process, Ms. Whitaker spoke to City employees involved in the billboard registration program and reviewed City documents (including human resources policies). RR2 163, ll. 17-19; RR2 192, ll. 14-16; RR2 202, ll. 3-10. However, she did not rely upon depositions or the analyses generated by other City employees relative to the billboard registration program. RR2 198, ll. 11-13.

Labor costs and overhead rates make up the City's cost to operate the billboard registration program. DE 10, Study. To determine the City's costs, Ms. Whitaker determined the amount of labor costs, based on salary, and the City's

4

cost factors, which include employee fringe benefits (such as insurance and vacation time), direct costs, internal indirect cost, and external indirect costs. DE 10, p. 7 of the Study. She determined the amount of time each employee involved in the program spent on activities related to the program and applied it as a percentage of the employee's salary. DE 10, pp. 6, 10 of the Study. Next, she calculated the cost factors, referred to as "overhead rates", as a percentage of costs allocated per every dollar of salary incurred. RR 154, ll. 21-23. After calculating these costs, she divided the costs by the number of billboards to determine the costs per billboard. DE 10, p. 10 of the Study.

### 3. Federal Lawsuit.

In April of 2010, Reagan filed a federal lawsuit alleging the Registration Fee is unconstitutional because it is a tax. PE 14. The Court dismissed Reagan's lawsuit on November 30, 2011, because it lacked jurisdiction to hear the case. PE 16. On April 25, 2012 Reagan filed this lawsuit in state court complaining of the Registration Fee. CR 4-12.

### SUMMARY OF THE ARGUMENT

Reagan National Advertising of Austin, Inc.'s ("Reagan") did not establish that *res judicata* applies. Because a dismissal for lack of subject matter jurisdiction cannot operate as a decision on the merits by a court of competent jurisdiction, this Court should overrule Reagan's first issue.

5

The evidence in the record supports the trial court Findings of Fact and Conclusions of Law. Because Reagan did not overcome the presumption that the Registration Fee is reasonable and constitutional, this Court should overrule Reagan's second issue.

Reagan's claims for fees paid in 2009 and 2010 are time-barred because Reagan failed to re-file its case within 60 days from the date its federal case was dismissed. Because the trial court's decision was consistent with a prior decision of this Court, this Court should overrule Reagan's third issue.

There is no basis for the trial court to award damages of ten dollars per sign because the $200 Registration Fee was not unreasonable. Additionally, the trial court did not have an equitable and just basis for awarding attorney's fees. Moreover, attorney's fees related to the prior federal litigation cannot be recovered in the instant action. For these reasons, the trial court's decision to deny damages and attorney's fees should be upheld.

## ARGUMENT

### I.     Standard of Review

A reviewing court applies a "sufficiency of the evidence review" for the findings of fact and reviews conclusions of law *de novo*. *Black v. City of Killeen*, 78 S.W.3d 686, 691 (Tex.App.—Austin 2002, pet.denied).

**II. Reply to Issue No. 1: The trial court was correct to conclude that *res judicata* did not apply and to enter in findings and conclusions of law that are consistent with the standards set forth in Texas law.**

In order for *res judicata* to bar a claim in subsequent litigation, the party claiming *res judicata* must establish the following: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the subsequent litigation includes the same parties; and (3) the subsequent action is based on the same claims as were raised or could have been raised in the first action. *Smith v. City of Blanco*, 2013 WL 491022, *3 (Tex.App.—Austin 2013, no pet. history) (quoting *Pipes v. Hemingway*, 358 S.W.3d 438, 448 (Tex.App.—Dallas 2013, no pet.). The trial court did not rely on the decision of the federal court because Reagan failed to establish that court of competent jurisdiction ruled on the merits of its claims against the City. As a result, the trial court's conclusion that the federal court decision did not constitute *res judicata* was correct.

A "court of competent jurisdiction" is a court that has the authority to decide the controversy. *Montgomery v. Blue Cross and Blue Shield of Texas, Inc.*, 923 S.W.2d 147, 150 (Tex.App.—Austin 1996, writ denied). If a court lacks subject matter jurisdiction over a claim, it cannot be brought in that court and *res judicata* does not apply. *Montgomery*, 923 S.W.2d at 150. Limiting the application of *res judicata* to claims with a final judgment on the merits by a court of competent jurisdiction is consistent with the principle that judgments issued by a court that

7

lacks subject matter jurisdiction are void. *Rodriguez v. Womack*, 2012 WL 19659, *3 (Tex.App.—Houston [14th Dist], no pet.).

A federal court without subject matter jurisdiction cannot provide a final adjudication on the merits. FED. R. CIV. P. 41. In the case at bar, the federal court dismissed Reagan's lawsuit because it lacked of subject matter jurisdiction based on the federal Tax Injunction Act ("TIA"). This is a jurisdictional bar for claims based on the assessment or collection of taxes imposed by state or political subdivisions. 28 U.S.C. § 1341. The dismissal in the federal case was not a decision on the merits of the case, i.e. not a decision as to whether the billboard registration fee is constitutional. As a result, a crucial element of *res judicata* is missing in this case.

A dismissal based on the TIA could not be preclusive because the analysis employed under the TIA is not substantially similar to the analysis under Texas law because the TIA looks at the status of the assessment, not its constitutionality. The TIA requires a federal court to look at three factors. *San Juan Cellular Telephone Co. v. Public Service Commission*, 967 F.2d 683 (1st Cir. 1992). First, who sets the charge; second, who pays the charge; and third, the purpose of the charge. *San Juan Cellular Telephone Co.*, 967 F.2d at 685. For instance, as part of its analysis of the purpose of the fee, the federal court considered the fund that the City deposits the billboard registration fee into, which is the City's general fund.

8

See PE 15, p. 13. However, under Texas law, courts do not consider the fund where the money is deposited. *City of Ft. Worth v. Gulf Refining Co.*, 83 S.W.2d 610, 619 (Tex. 1935). Unlike the TIA, Texas law presumes the fee is constitutional and requires a person that challenges the lawfulness of a fee to overcome the presumption that the ordinance is lawful and to prove the fee is "unreasonable and oppressive." *City of Houston*, 879 S.W.2d at 326.

Additionally, the federal court decision could not be *res judicata* because it would nullify the one exception to the jurisdictional bar in the TIA. If a state court cannot provide for a "plain, speedy, and efficient remedy", which means "a competent judicial determination that is ultimately reviewable in the United States Supreme Court," the federal court retains jurisdiction. *Home Builders Association of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1012 (5th Cir. 1998). If Reagan's state court claim is decided by the federal court decision, such a result would render the requirement that an individual has access to a "plain, speedy, and efficient remedy" meaningless and federal courts would always be able to retain jurisdiction.

Reagan relies upon *Butler v. Continental Airlines* to support its argument that the federal judgment is sufficient to bar a Texas trial court from deciding whether the billboard registration fee is a fee or tax pursuant to Texas law. The question in *Butler* was whether the state court had jurisdiction to decide the

9

Plaintiff's claim <u>after</u> a state court had already determined that state courts could not hear Butler's claim. *Butler v. Continental Airlines,* 116 S.W.3d 286 (Tex.App.—Houston [14th Dist] 2003, pet denied). In order for *Butler* to apply in the case at bar, the dismissal would have been from a state court, not the federal court. For these reasons, the trial court's conclusion that *res judicata* does not apply should be upheld.

**III.    Reply to Issue No. 2: The trial court was correct to conclude that the billboard registration fee is a fee, not a tax and there is ample evidence in the record to support the trial court's Findings of Fact and Conclusions of Law.**

The evidence in this case does not establish the Registration Fee is a tax. Reagan failed to show that the Registration Fee is unreasonable or oppressive. Moreover, Reagan failed to show that the Registration Fee is based on activities that are not related to the City's billboard registration program or that it was unreasonable for City staff to engage in those activities. Accordingly, there is no basis for the Court to sustain Reagan's point of error.

**A.    Municipal Fees.**

Unless prohibited by the Texas Constitution or state law, a home-rule municipality is authorized to charge a fee to recover its costs to provide a service or to regulate. *City of Houston v. Harris County Outdoor Advertising Association*, 879 S.W2d 322, 326 (Tex.App.—Houston [14th Dist.] 1994, writ denied). A municipal ordinance that imposes a fee based on the police power to regulate is

10

prima facie valid and presumed reasonable. *City of Brookside Village v. Comeau*, 633 S.W.2d 790, 792 (Tex. 1982); *City of Houston*, 879 S.W.2d at 326. Overcoming this presumption is an "extraordinary burden" that rests with the party challenging the validity of an ordinance. *City of College Station v. Turtle Rock Corp.*, 680 S.W.2d 802, 805 (Tex. 1984). The burden can only be overcome when the evidence shows conclusively that no basis exists that would authorize the adoption of the ordinance. *Comeau*, 633 S.W.2d at 792. Texas courts do not "interfere [with an ordinance] unless it is unreasonable and arbitrary, amounting to a clear abuse of municipal discretion." *Barrett v. City of Plainview*, 848 S.W.2d 334, 338 (Tex. Civ. App. – Amarillo, no writ). Accordingly, an ordinance will not be invalidated unless the party challenging the fee demonstrates that the fee is "unreasonable and oppressive." *City of Houston*, 879 S.W.2d at 326.

The question before the trial court was whether the Registration Fee is "intended to raise revenue in excess of that reasonably needed for regulation." *Texas Boll Weevil Eradication Foundation, Inc. v. Lewellen*, 952 S.W.2d 454, 461 (Tex. 1997). Reasonableness is determined in light of the "nature of the business sought to be controlled and the necessity and character of police regulations." *City of Ft. Worth*, 83 S.W.2d at 618. Texas law does not require an ordinance to include all regulatory activities that may occur before a court can find a fee reasonable. *Gulf Refining Co.*, 83 S.W.2d at 619. Regulatory programs necessarily include

11

costs associated with activities such as reviewing records and applications, on-site inspection, post-inspection verification, enforcement, and data entry, which are appropriate activities for licensing/regulatory programs. See generally *Gulf Refining Co.*, 83 S.W.2d at 614-618. The reasonableness of a fee is not based on whether the municipality conducted a cost of service study prior to the adoption of the fee. The evidence before the trial court established that the costs and activities associated with the program are related to the program, which supports the conclusion that the Registration Fee is reasonable.

## B. The record supports Findings of Fact Nos. 45-52.

If an appellant alleges there is "no evidence" to support the findings of fact, the reviewing court considers "only the evidence and inferences that tend to support the trial court's findings and disregard all evidence and inferences to the contrary." *City of Houston*, 879 S.W.2d at 327. A reviewing court sustains a "no evidence" point of error if the record does not include evidence of a vital fact, the evidence in the record is barred by law or the rules of evidence from giving weight to the only evidence offered to prove a vital fact, the evidence that supports the vital fact amounts to a mere scintilla of evidence, or the evidence conclusively establishes the opposite of the vital fact. *City of Houston*, 879 S.W.2d at 327. The evidence presented to the trial court supports the trial court's findings, including

the additional findings of fact Reagan complains of, and the trial court's findings should be upheld.

There is evidence in the trial court's record that supports the amount of the Registration Fee, which is less than the numbers generated by Mr. Cardenas.[2] *Compare* PE 1 and DE 2 to PE 10 and PE 11. The Study and Ms. Whitaker's testimony were properly admitted and considered. The Study concerns the Registration Fee, is consistent with the $200 Registration Fee, and was part of the City Council's record when the Registration Fee was amended in 2012. DE 2; DE 10. It was also conducted by an individual that specialized in determining cost of service for municipal governments. RR2 145, ll. 15-25; RR2 146, ll. 1-17; RR2 147, ll. 5-14.

Reagan fails to show that the activities performed by City staff, as it concerns the billboard registration program, are not related to the program. There is ample evidence in the record to show that the activities included in the Study were activities properly attributable to the Registration Fee. *See generally* the testimony of Charles Boas (RR2 73-143) and Nickie Whitaker (RR2 144-210); DE 4; DE 10. Because Reagan cannot show that these activities are not related to the program, it asks this Court (as it did the trial court) to micro-manage how the City

---

[2] Reagan's brief also references an email from a City employee, Robert Rowan, to establish that the Registration Fee is unlawful. (Appellant's Brief, p. 38). However, Mr. Rowan's email does not conclusively establish the opposite of the trial court's findings nor does it demonstrate the amount of the Registration Fee is a clear abuse of municipal discretion.

conducts its affairs. Micro-managing the affairs of the City would contravene the separation of powers between the legislative and judicial branches. *Comeau*, 633 S.W.2d at 792.

Here, Reagan's brief does not point to evidence that supports its claim that the Registration Fee does not comply with Texas law. Nor does it show that the record includes evidence that conclusively establishes the opposite of Findings of Fact Nos. 45 through 52. Because the evidence and related inferences support the trial court's Findings of Fact, there is no basis to overturn the trial court's Findings of Fact or Conclusions of Law.

## IV. Reply to Issue No. 3: The trial court was correct to conclude that Reagan's claims for fees paid in 2009 and 2010 were time-barred.

Fee claims are considered a physical taking, are subject to a two-year statute of limitations, and accrue on the date the fees are paid. *City of Dallas v. Lowenberg*, 168 S.W.3d 800, 801-802 (Tex. 2005). The exception to the two-year statute of limitations is when a lawsuit that is timely filed is dismissed because of a lack of jurisdiction and the plaintiff re-files the initial lawsuit in the proper court not later than the 60th day after the date the dismissal becomes final. TEX. CIV. PRAC. & REM. CODE §16.064. Here, the evidence establishes that Reagan failed to refile within 60 days from the date the federal judgment was final.

Reagan argues that this Court should apply Texas' state law standard for when a judgment is final and in support of its argument, relies upon the Waco

Court of Appeals decision in *Oscar Renda Contracting, Inc. v. H & S Supply Co., Inc.*, 195 S.W.3d 772 (Tex.App.—Waco 2006, pet. denied). However, it is not instructive in the case at bar because it concerned a dismissal by a state court, not a federal court.

The case at bar was initiated after a dismissal by a federal court. A federal court judgment is final when it is entered. *See generally* FED. R. CIV. P. 54 and 58. The finality of judgment is not impacted even if the federal trial court retains jurisdiction to correct its judgments and orders and retains jurisdiction to grant relief from a judgment or order. FED. R. CIV. P. 60(c)(2).

The facts of this case are similar to those in *Ruiz v. Austin Independent School District*, 2004 WL 1171666 (Tex.App.—Austin 2004, no pet.). The federal court dismissed Ms. Ruiz's state court claims on January 23, 2002. *Ruiz*, 2004 WL 1171666 at *3. She refiled her lawsuit in state court on April 12, 2002. *Id*. This Court found that 79 days passed between the federal court's dismissal and refiling in state court and as a result, barred Ms. Ruiz's claims. *Ruiz*, 2004 WL 1171666 at *5. If Reagan's argument is correct, this Court would have held that her claim was not barred because Ms. Ruiz would have been able to file as late as April 23, 2002. This means that this Court relied upon the federal standard of when a judgment is final. The trial court's conclusion that Reagan's fee claims for 2009 and 2010 are time-barred is consistent with the precedent of this Court. Because Reagan's

15

arguments fail to provide a reason to overrule the decision in *Ruiz* or for this Court to apply the state standard when the case was dismissed by a federal court, the conclusion of the trial court should be upheld.

**V.     Reply to Issue No. 4: The trial court was correct to deny damages of ten dollars per billboard and to deny an award of attorney's fees.**

**A.     Damages.**

There is no basis for the Court to award damages for a $10 difference. In order for the Court to grant damages, the Court must find that the $200 fee is unreasonable and oppressive. To say it another way, Reagan is not entitled to damages unless the Court finds that the $200 fee was unreasonable but that $190 was reasonable. However, the trial court did not find that the $200 fee was unreasonable and Reagan's points of error do not provide this Court with a basis to find otherwise.[3]   Moreover, finding that a ten dollar difference makes a fee unreasonable and oppressive would be inconsistent with Texas case law because it would require mathematical precision between the costs and the amount of fee. *City of Ft. Worth*, 83 S.W.2d at 617.  For these reasons, Reagan is not entitled to an award of damages of ten dollars per sign.

**B.     Attorney's Fees.**

A trial court may award attorney's fees if the fees are "reasonable and necessary" and "equitable and just." TEX. CIV. PRAC. & REM. CODE §37.009.  Even

---

[3] Additionally, Reagan's claims for fees paid in 2009 and 2010 are time-barred.

16

if the amount sought is reasonable and necessary, an award of attorney's fees is not appropriate if awarding fees would be inequitable or unjust. *Id*. The trial court was correct not to award attorney's fees to Reagan.

Awarding attorney's fees to Reagan would be inequitable and unjust. Reagan failed to overcome the presumptions afforded municipal ordinances. Moreover, Reagan failed to show that the City's actions when it adopted the Registration Fee were done in bad faith. As a result, an award of attorney's fees to Reagan would be inequitable and unjust and were properly denied.

Even if this Court finds that it is equitable and just to award attorney's fees to Reagan, the fees incurred as a result of the prior federal court litigation are not reasonable and necessary. Attorney's fees accrued in separate litigation cannot be recovered even though the other litigation concerned the same issues. See *Dalisa, Inc. v. Bradford*, 81 S.W.3d 876, 880 n. 2, (Tex.App.—Austin, 2002, no pet.) and *In re Estate of Bean,* 206 S.W.3d 749, 765-766 (Tex.App.—Texarkana, 2006, pet. denied). As a result, attorney's fees attributable to the prior litigation are not reasonable and necessary and were properly denied.

## CONCLUSION AND PRAYER

*Res judicata* is not applicable because a final judgment based on the merits by a court of competent jurisdiction was not rendered by the federal court. There is ample evidence in the record to support the trial court's Findings of Facts and

17

Conclusions of Law. Reagan was required to re-file its lawsuit within 60 days from the date the federal judgment was entered. Because the $200 Registration Fee is reasonable, there is no basis for the trial court to award damages to Reagan. It would have been inequitable and unjust to award attorney's fees to Reagan; and lastly, Reagan's attorney's fees from the prior federal litigation are not reasonable and necessary for this action. For the reasons stated in this brief, Appellee asks the Court to overrule Reagan's issues and affirm the judgment of the trial court in its entirety.

RESPECTFULLY SUBMITTED,

ANNE L. MORGAN, INTERIM CITY ATTORNEY
MEGHAN L. RILEY, CHIEF, LITIGATION

/s/  Patricia L. Link
PATRICIA L. LINK, Assistant City Attorney
State Bar No. 24041343
H. GRAY LAIRD, Assistant City Attorney
State Bar No. 24087054
City of Austin-Law Department
P. O. Box 1546
Austin, Texas 78767-1546
Telephone:  (512) 974-2173
Facsimile:   (512) 974-1311
patricia.link@austintexas.gov
gray.laird@austintexas.gov

**COUNSEL FOR DEFENDANTS - APPELLEES**

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing on all parties, or their attorneys of record, in compliance with the Appellate Rules of Civil Procedure, this 26th day of October, 2015.

B. Russell Horton
State Bar No. 10014450
George Brothers Kincaid & Horton, L.L.P.
114 West 7th Street, Suite 1100
Austin, TX 78701
Telephone:  (512) 495-1400
Facsimile:   (512) 499-0094
rhorton@gbkh.com

**Counsel for Plaintiff – Appellant**

/s/  Patricia L. Link
PATRICIA L. LINK
Counsel for Defendants – Appellees

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitations of Tex. R. of App. P. 9.4(i)(2)(B) because this brief contains 4173 words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

/s/  Patricia L. Link
PATRICIA L. LINK
Counsel for Defendants – Appellees